Steuart
vs
Donaldson

JUDGMENT AFFIRMED.

## COURT OF APPEALS, JUNE TERM, 1822.

### STEUART vs. DONALDSON's Lessee.

*Where land, liable to confiscation was surveyed under an escheat warrant previous to an application to the executive to purchase it as being liable to confiscation, the grant obtained on the escheat certificate was held to vest a title to the land in the escheator, although the composition money on the escheat was no. paid and the grant not sssued, until after the application to purchase*

APPEAL from *Baltimore* county court. Ejectment for two lots of ground in the city of *Baltimore*, numbered 398, and 399. The general issue was pleaded. At the trial it was admitted that the lots in question were a part of a tract of land called *Mountenay's Neck*, regularly granted in the year 1663, and that the title of the lots had been regularly transmitted to *William Frost*, who being a *British* subject, said lots were confiscated and vested in this state. That *Frost* is since dead, and died before the year 1800, without heirs capable of inheriting. That the defendant, on the 31st of January 1815, lodged information in writing, with the governor and council of this state, that said lots were liable to confiscation, and applied to become the purchaser thereof. That he had made a verbal application to the clerk of the council to purchase the said lots in December 1813, and upon the information and application in 1815, the executive ordered the said lots to be valued, which was done, at the sum of $2100, in 1817, and sold to the defendant for $1850, the residue being allowed by them to him for the expense of public paving paid by him on said lots. That the lessor of the plaintiff applied for and obtained an escheat warrant on the 4th of February 1814, to affect said lots as escheat, and having paid $850, two thirds of the valuation of the same, made as by law is required, on the 27th of July 1815, in pursuance thereof, a patent was granted to him upon a certificate of survey dated the 8th of January 1815. The plaintiff then prayed the court to direct the jury, that on this evidence he was entitled to recover. Which direction the court, [*Ward*, A. J.] gave. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before CHASE, Ch. J. BUCHANAN, EARLE, and STEPHEN, J.

*Winder* and *R. Johnson*, for the appellant, stated, that the questions were, 1. Whether or not the escheat grant and previous proceedings of the lessor of the plaintiff overreached the application of the appellant to purchase the property as liable to confiscation, and the proceedings on such application, and vested in him a complete legal title to the premises in question?

2. Whether by the verbal application in 1813, the appellant did not acquire a prior title to that of the appellee? They cited and relied on the acts of June 1780, *ch.* 24, *s.* 4; October 1780, *ch.* 45, *ch.* 49, *ch.* 51, *s.* 4, 5; May 1781, *ch.* 23, *s.* 12, *ch.* 37; November 1781, *ch.* 20, *ch.* 2, *ch.* 28, *ch.* 31; April 1782, *ch.* 19; 1784, *ch.* 55, *s.* 9; 1785, *ch.* 66, *ch.* 88, *s.* 3; 1788, *ch.* 49; 1789, *ch.* 47; 1791, *ch.* 77, *ch.* 90; 1792, *ch.* 81; 1793, *ch.* 64; 1795, *ch.* 6; 1799, *ch.* 80; 1802, *ch.* 101; 1803, *ch.* 109; 1805, *ch.* 98; 1814, *ch.* 103; 1817, *ch.* 137. *Smith vs. The State of Maryland,* 6 *Cranch,* 286. *Land Hold. Ass.* 302. *Owings vs. Norwood's Lessee,* 2 *Harr. & Johns.* 96; and *Boring's Lessee vs. Lemmon, ante* 223.

*T. B. Dorsey,* (Attorney General,) for the appellee, cited the act of November 1781, *ch.* 20, *s.* 8. *Johns. Dict.* tit. *Confiscation.* 3 *Bac. Ab.* tit. *Grants,* (I) 893; *Kelly's Lessee vs. Greenfield,* 2 *Harr. & M'Hen.* 121. *Ringgold's Lessee vs. Malott,* 1 *Harr. & Johns.* 299; and *Owings vs. Norwood's Lessee,* 2 *Harr. & Johns.* 96.

CHASE, Ch. J. delivered the opinion of the court. After stating the facts, he said, the question to be determined by the court on the above facts is, Has the grant of the state vested a legal estate in the lessor of the plaintiff in the lands in question?

It appears to the court, that *William Stewart* has not acquired any interest, legal or equitable, in the lands in question. He made no written application to the executive until some time after the date of the certificate of the plaintiff. No caveat was entered against the issuing of the grant. No money was paid the state by him, and no application for a valuation of the land until almost two years after the grant was obtained. This is not the case of conflicting titles of persons claiming under the state.

There is nothing appearing in the case to impeach the grant, no fraud or imposition is stated or suggested as prac-

tised by the lessor of the plaintiff in the obtention of the grant, but a full consideration was paid by him according to law.

The court are of opinion, that the patent is valid and operative to pass the title of the state to the land in question to the lessor of the plaintiff.

JUDGMENT AFFIRMED.